Jon B. Fougner (State Bar No. 314097)
Email: jon@fougnerlaw.com
600 California Street, 11th Fl.
San Francisco, California 94108
Telephone: (415) 577-5829
Facsimile: (206) 338-0783

[Additional counsel on signature page]

*Attorneys for Plaintiff Terry Fabricant and
the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOLDWATER BANK, N.A. a/k/a "GOLDWATER BANK, N.A. INC." a/k/a "GOLDWATER BANK, N.A. INCORPORATED,"<br><br>　　　　　Defendant. | Case No. 2:19-cv-00164-DSF-JC<br><br>NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DEFENDANT'S ATTENDANCE AT RULE 26(F) CONFERENCE<br><br>DISCOVERY MATTER<br><br>**Date**: April 16, 2019<br>**Time**: 9:30 a.m.<br>**Judge**: Hon. Jacqueline Chooljian<br>**Location**: 255 E. Temple St., Los Angeles, CA 90012, Courtroom 750, 7th Fl.<br><br>**Complaint Filed**: January 8, 2019<br>**Discovery Cutoff**: Not Set<br>**Pretrial Conference**: Not Set<br>**Trial**: Not Set |

- 1 -

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT ON April 16, 2019 at 9:30 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Courtroom 750, 7th Floor, Plaintiff Terry Fabricant will present his Motion to Compel Defendant's Attendance at Rule 26(f) Conference.

Plaintiff will move the Court to compel Defendant Goldwater Bank, N.A.'s participation in the conference mandated by Federal Rule of Civil Procedure 26(f).

Plaintiff will base his motion on this Notice of Motion; the following Memorandum of Points and Authorities; the attached declaration of Jon B. Fougner; the records and file in this action (including the Complaint, Dkt. No. 1, the Opposition to Motion to Dismiss, Dkt. No. 20, and the declarations and exhibits attached thereto), and such other matters as may be presented before or at the hearing of the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.** **Introduction**

On February 10, 2019, Defendant proposed in writing February 19 for the conference mandated by Federal Rule of Civil Procedure 26(f). (Decl. Jon B. Fougner Supp. Mot. Compel Def.'s Attendance Rule 26(f) Conference ¶ 5.) On February 10, Plaintiff agreed in writing to Defendant's proposal. (*Id.* at ¶ 6.) On February 19, Defendant refused to attend or reschedule the conference. (*Id.* at ¶ 7.)

On February 21, Plaintiff sent Defendant an email regarding Defendant's refusal with the subject line "Fabricant v. Goldwater Bank - L.R. 37-1 Letter re 26(f) Conference." (*Id.* at ¶ 8.) The email attached a PDF entitled "2019_02_21 L.R. 37-1 Letter to S. Wagner re 26(f) Conference." (*Id.* at ¶ 9.) On February 27, Defendant replied, offering March 1, to meet and confer. (*Id.* at ¶ 10.) On March 1, the parties met and conferred. (*Id.* at ¶ 11.) On March 4, Plaintiff sent Defendant Plaintiff's portion of a joint stipulation regarding Defendant's refusal to participate in a Rule 26(f) conference. (*Id.* at ¶ 12.) On March 8, Defendant replied, now contending that Local "Rule 37-1 is not applicable to a motion to compel attendance at a pre-trial conference." (*Id.* at ¶ 13.) Defendant never provided its portion of the joint stipulation to Plaintiff. (*Id.* at ¶ 14.) Therefore, in accordance with Local Rules 6-1, 7-9, 7-10 and 37-2.4, Plaintiff therefore files this Motion to Compel Defendant's Attendance at Rule 26(f) Hearing.

The Federal Rules of Civil Procedure, the Court's standing order, and the tight timeline fixed by Local Rule 23-3—this is a putative class action—all require that the parties not procrastinate indefinitely in holding the Rule 26(f) conference.

The pendency of Defendant's motion to dismiss does not eliminate the parties' duty to confer. As Plaintiff's opposition makes clear (Dkt. No. 20), the motion is without factual or legal merit. In any event, even with a pending motion to dismiss, a motion to compel attendance at a 26(f) conference has been granted in

the Ninth Circuit. *ING Bank, fsb v. Fazah*, No. CIV S-09-1174 WBS EFB PS, 2009 U.S. Dist. LEXIS 106682, at *10 (E.D. Cal. Nov. 13, 2009).

Plaintiff requests an order from the Court compelling Defendant to participate in a 26(f) conference within one week of the Court's order.

**B.** **Federal Rule of Civil Procedure 26 requires that the parties hold a 26(f) conference as soon as practicable.**

"The requirement that the parties confer to develop a discovery plan may be the single most important provision in the discovery architecture of Rule 26." *Barrett v. Forest Labs., Inc.*, No. 12-CV-5224 (RA), 2015 U.S. Dist. LEXIS 88299, at *10 (S.D.N.Y. July 8, 2015).

Federal Rule of Civil Procedure 26 mandates:

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer **as soon as practicable**—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. P. 26(f)(1) (emphasis added). The exemptions listed in Rule 26(a)(1)(B) are:

> (i) an action for review on an administrative record;
>
> (ii) a forfeiture action in rem arising from a federal statute;
>
> (iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
>
> (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;

MOT. COMPEL DEF.'S ATTENDANCE RULE 26(F) CONFERENCE
*Fabricant v. Goldwater Bank, N.A.*, Case No. 2:19-cv-00164-DSF-JC

(v) an action to enforce or quash an administrative

summons or subpoena;

(vi) an action by the United States to recover benefit

payments;

(vii) an action by the United States to collect on a student

loan guaranteed by the United States;

(viii) a proceeding ancillary to a proceeding in another

court; and

(ix) an action to enforce an arbitration award.

Fed. R. Civ. P. 26(a)(1)(B). None of those exemptions applies to this case, a putative class action arising under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

The qualitative language of Rule 26(f)(1) has legal force; it is not just window-dressing for a quantitative deadline. *Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*, Civil Action No. 6:18-CV-1030 (DNH/DEP), 2018 U.S. Dist. LEXIS 198448, at *23 (N.D.N.Y. Nov. 21, 2018) (noting that 21 days is the "outer limit," not the sole requirement); *accord Elmi v. SSA Marine, Inc.*, No. C13-1703-JCC, 2014 U.S. Dist. LEXIS 74115, at *11 (W.D. Wash. May 29, 2014) (noting that 21 days out is "*the very latest*" date for the conference).

Defendant's position gives short shrift to this plain language, and to the related consensus that parties "need not await the scheduling of a Rule 16 conference before holding a Rule 26(f) conference." *Malibu Media, LLC v. Doe*, No. 1:18-cv-0371, 2018 U.S. Dist. LEXIS 32233, at *5 n.2 (M.D. Pa. Feb. 28, 2018); *accord Canal St. Films v. Does 1-22*, No. 1:13-CV-0999, 2013 U.S. Dist. LEXIS 59142, at *6 n.2 (M.D. Pa. Apr. 25, 2013); *Vision Films, Inc. v. Doe*, Civil Action No. 12-1746-LPS-SRF, 2013 U.S. Dist. LEXIS 38440, at *4 n.3 (D. Del. Mar. 20, 2013); *Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 U.S. Dist. LEXIS 109518, at *8 n.5 (D. Del. Sep. 26, 2011).

The mere fact that the parties may hold different opinions regarding how discovery should be conducted does not make discussion of those differences impracticable. To the contrary, a major purpose of the 26(f) conference is precisely that: to identify differences of opinion and then compromise or else submit competing proposals to the Court. Thus, the Court's standing order explicitly contemplates that the plaintiff and the defendant will each submit its own proposed dates. Hon. Dale S. Fischer, *Order Setting Scheduling Conference* at 9, *available at* https://www.cacd.uscourts.gov/sites/default/files/documents/DSF/AD/ORDER%20 SETTING%20SCHEDULING%20CONFERENCE.pdf (last visited Mar. 3, 2019).

**C.**   **Like the Federal Rules of Civil Procedure, the Court has ordered discovery to proceed promptly.**

A party not subject to any of the exemptions enumerated in Rule 26(a)(1)(B) is relieved of the obligation to participate in a 26(f) conference as soon as practicable only if the Court "orders otherwise." Fed. R. Civ. P. 26(f)(1). This the Court has not done. To the contrary, the Court has ordered:

> The Court encourages counsel to agree to begin to conduct discovery actively before the scheduling conference. The parties should comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of what would otherwise be produced in the early stages of discovery. At the scheduling conference the Court will impose strict deadlines for completion of discovery. Inability to complete discovery within the deadlines set at the conference will not constitute grounds for a continuance in the absence of good cause.

(Dkt. No. 8 at 2:25-3:3.)

**D.** **Defendant's stonewalling makes Plaintiff's compliance with Local Rule 23-3 impossible.**

If Defendant continues to refuse to participate in discovery, putative class members will be unfairly prejudiced. A rule of this Court requires Plaintiff to move for class certification within 90 days of service of the complaint, C.D. Cal. Civ. L.R. 23-3, i.e., by April 18, 2019. (Dkt. No. 9.) Defendant, after receiving the professional courtesy of an extension of time to respond to the complaint, has, for its part, thus far refused to stipulate to an extension of the Local Rule 23-3 deadline.

The Court of Appeals has cast serious doubt of the validity of Local Rule 23-3, *ABS Entm't v. CBS Corp.*, 908 F.3d 405, 426-27 (9th Cir. 2018), but as far as Plaintiff is aware, the rule has not been rescinded. Given the 30-day timelines to respond to discovery requests under Federal Rules of Civil Procedure 33 and 34, it is unlikely Plaintiff will have received *any* first-party discovery by April 18. In any event, any further delay in holding the 26(f) conference will only exacerbate the extremely tight timeline.

**E.** **Conclusion**

For the foregoing reasons, the Court should (1) order Goldwater Bank to attend a Rule 26(f) conference within one week of the Court's order, or (2) order that the requirement what the Rule 26(f) conference be conducted before first- and third-party discovery requests are served be waived.

**SIGNATURE ATTESTATION**

The CM/ECF user filing this paper attests that concurrence in its filing has been obtained from its other signatories.

RESPECTFULLY SUBMITTED AND DATED on March 19, 2019.

By:  s/ Jon B. Fougner
     E-mail: Jon@FougnerLaw.com

Anthony I. Paronich
Email: anthony@broderick-law.com
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, Massachusetts 02110
Telephone: (508) 221-1510
*Admitted Pro Hac Vice*

Andrew W. Heidarpour
E-mail: AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PLLC
1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727
*Admitted Pro Hac Vice*

***Attorneys for Plaintiff Terry Fabricant and the Proposed Class***

MOT. COMPEL DEF.'S ATTENDANCE RULE 26(F) CONFERENCE
*Fabricant v. Goldwater Bank, N.A.*, Case No. 2:19-cv-00164-DSF-JC