Jon B. Fougner (State Bar No. 314097)
Email: jon@fougnerlaw.com
600 California Street, 11th Fl.
San Francisco, California 94108
Telephone: (415) 577-5829
Facsimile: (206) 338-0783

[Additional counsel appear on signature page]

*Attorneys for Plaintiff Terry Fabricant and the Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> GOLDWATER BANK, N.A. a/k/a "GOLDWATER BANK, N.A. INC." a/k/a "GOLDWATER BANK, N.A. INCORPORATED," <br><br> Defendant. <br><br> GOLDWATER BANK, N.A., <br><br> Third-Party Plaintiff, <br> v. <br><br> BEST-RATE HOLDINGS, LLC, <br><br> Third-Party Defendant. | Case No. 2:19-cv-00164-DSF-JC <br><br> OPPOSITION TO MOTION TO STRIKE PUTATIVE CLASS ACTION ALLEGATIONS <br><br> **Date**: July 22, 2019 <br><br> **Time**: 1:30 p.m. <br><br> **Judge**: Hon. Dale S. Fischer <br><br> **Location**: First Street Courthouse, 350 W. 1st St., Courtroom 7D, Los Angeles, CA 90012 <br><br> Complaint Filed: January 8, 2019 |

Striking putative class claims is disfavored. *Hodes v. Van's Int'l Foods*, No. CV 09-01530 RGK (FFMx), 2009 U.S. Dist. LEXIS 136342, at *5 (C.D. Cal. June 23, 2009). To support its motion that the Court nevertheless do just that ("Motion" or "Mot.," Dkt. No. 38), Defendant relies solely on Local Rule 23-3. This reliance is fatal for two reasons, each independently sufficient.

*First*, "Local Rules cannot be incompatible with Federal Rules. Fed. R. Civ. P. 83(a)(1). We conclude that the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23." *ABS Entm't v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018). And Local Rule 23-3 was *nothing but* a "bright-line" rule. *Compare* Fed. R. Civ. P. 26(f)(1) (subjective rule combined with bright-line rule: "as soon as practicable—and in any event at least 21 days before"); *with* C.D. Cal. Civ. L.R. 23-3 (pure bright-line rule: "Within 90 days"). Indeed, the Ninth Circuit refers to mandates based on a fixed number of days as "bright-line rules." *E.g.*, *Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005). Thus, all of one-sentence Local Rule 23-3 was incompatible with Federal Rule of Civil Procedure ("Rule") 23.[1] It's therefore no surprise that the Motion's argument that courts try to harmonize local rules with the Federal Rules lacks any interpretation of the language of Local Rule 23-3 doing so. (Mot. at ECF 10:18-11:12.)

Defendant's sole authority (*See id.* at ECF 10:12-15.) suggesting any of Local Rule 23-3 survives is dicta from an opinion that, like the Motion, never grappled with the foregoing analysis. *Mays v. Wal-Mart Stores, Inc.*, No. CV 18-02318-AB (KKx), 2019 U.S. Dist. LEXIS 62088, at *41-44 (C.D. Cal. Feb. 20, 2019). The plaintiff didn't raise it. Mem. P&A Reply Def.'s Opp'n Pl.'s Mot. Certification Wage Statement Class at ECF 20:12-24, *id.* (C.D. Cal. Jan. 18, 2019), ECF No. 89. Moreover, it was unnecessary to the decision because the original

---

[1] Even the corporate defense bar concedes that Local Rule 23-3 itself was invalidated. Akin Gump, *Ninth Circuit Invalidates Local Rule Requiring Class Certification Motions to Be Brought within 90 Days* (Jan. 11, 2019), https://www.akingump.com/en/news-insights/ninth-circuit-invalidates-local-rule-requiring-class.html.

motion for class certification and denial thereof in *Mays* predated *ABS Entertainment*, *Mays*, 2019 U.S. Dist. LEXIS 62088, at *42-43, and, in any event, the holding was based on Rule 23 and the court's prior orders, *id.* at *43-44.

   **Second**, even if any of Local Rule 23-3 had survived *ABS Entertainment* (it didn't), the Court ordered the parties not to darken its door with the sort of motion that Defendant contends Plaintiff should have filed—or the Motion itself. (Dkt. No. 24.)

   Finally, several of the Motion's factual claims are false or misleading. However, because they are irrelevant and lest the Court deem Plaintiff to violate its order (*See id.*) by addressing them here, Plaintiff refrains from doing so.

RESPECTFULLY SUBMITTED AND DATED on July 1, 2019.

By:   s/ Jon Fougner
E-mail: Jon@FougnerLaw.com

Robert Stempler (State Bar No. 160299)
E-mail: socalconsumerlawyer@gmail.com
CONSUMER LAW OFFICE OF ROBERT STEMPLER, APC
8200 Wilshire Blvd, Suite 200
Beverly Hills, CA, 90211
Telephone: (323) 486-0102

Anthony I. Paronich, *Pro Hac Vice*
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (508) 221-1510

Andrew W. Heidarpour, *Pro Hac Vice*
E-mail: AHeidarpour@HLFirm.com
HEIDARPOUR LAW FIRM, PPC

1300 Pennsylvania Ave. NW, 190-318
Washington, DC 20004
Telephone: (202) 234-2727

***Attorneys for Plaintiff Terry Fabricant and the Proposed Class***