**SEAN C. WAGNER**
Sean.Wagner@wagnerhicks.law
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 650
Charlotte NC 28202
Tel: (704) 705-7538; Fax: (704) 705-7787
Attorneys for Defendant,
**GOLDWATER BANK, N.A.**

**MARIE MAURICE (S.B.N.: 258069)**
mmaurice@imwlaw.com
**JACK F. ALTURA (S.B.N.: 297314)**
jaltura@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, Suite 1800
Los Angeles, CA  90017-2919
Tel: (213) 489-0028; Fax (213) 489-0552

Local Counsel for Defendant,
**GOLDWATER BANK, N.A.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>GOLDWATER BANK, N.A.,<br><br>*Defendant.*<br><br>GOLDWATER BANK, N.A.,<br><br>*Third-Party Plaintiff,*<br><br>vs.<br><br>BEST RATE HOLDINGS, LLC,<br><br>*Third-Party Defendant.* | Case No. 2:19-cv-00164-DSF-JC<br><br>**REPLY IN SUPPORT OF GOLDWATER BANK, N.A.'S MOTION TO STRIKE PUTATIVE CLASS ACTION ALLEGATIONS**<br><br>**DATE:** July 22, 2019<br>**TIME:** 1:30 p.m.<br>**DEPT:** 7D<br>**JUDGE:** Hon. Dale S. Fischer<br><br>Amended Third-Party Complaint Filed June 17, 2019 |

///

In support of its *Motion to Strike Putative Class Action Allegations* (Doc. 38), Defendant Goldwater Bank, N.A. replies as follows to Plaintiff's *Opposition to Motion to Strike Putative Class Action Allegations* (Doc. 42) (the "Opposition"):

### I. Local Rule 23-3 is valid and enforceable.

Local Rule 23-3 requires that a plaintiff file a motion for class certification within 90 days after service of the complaint, "***unless otherwise ordered by the Court***." (emphasis added). Here, Plaintiff simply ignored Local Rule 23-3. He made no effort to seek an extension of the deadline to file a motion for class certification before it expired. Instead, Plaintiff flouted Local Rule 23-3 and presumably plans to seek class certification well after expiration of the deadline. Parties before this Court should not be permitted to flout the local rules with impunity. *See e.g.*, *Professional Programing Grp. v. Dept. of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("Local rules have the force of law and are binding upon the parties and the court . . . " (internal quotations omitted).

Plaintiff relies upon a single case for the proposition that Local Rule 23-3 is invalid, *ABS Entm't v. CBS Corp.*, 908 F.3d 405 (9th Cir. 2018). The Ninth Circuit in *ABS*, however, did not rule that Local Rule 23-3 was facially invalid, only that it was unfairly applied to the plaintiff in that case. *See Rothman v. Optima Advocates, Inc.*, Case No. CV 18-8341-R, 2019 WL 2610960 (C.D. Cal., Apr. 19, 2019) (Slip Op.) (denying motion for reconsideration brought on grounds that *ABS* invalidated Local Rule 23-3.) The plaintiff's diligence in *ABS* is easily distinguishable from Plaintiff's lack thereof in this case.

In *ABS*, before the deadline to file a motion for class certification had passed, the parties filed two joint stipulations extending the deadline. *Id*. at 426-27. After the district court summarily denied both stipulations, the plaintiff filed a timely motion for class certification, which the court struck "because of two technical deficiencies." *Id*. The court prohibited the plaintiff from remedying the technical deficiencies because an amended motion for class certification would have been filed more than 90 days after service of the complaint. *Id*. The Ninth Circuit held that "the district court's ***strict application***" of Local Rule 23-3 in such a harsh manner toward a reasonably diligent

plaintiff was incompatible with the flexibility of Federal Rule of Civil Procedure 23. *Id.* at 410 (emphasis added).

In stark contrast to the facts of *ABS*, Plaintiff here has completely ignored Local Rule 23-3. Plaintiff did not file a stipulation or motion to extend the deadline, and he did not file a timely motion for class certification. Instead of acting diligently, Plaintiff has opted solely to make a facial challenge to Local Rule 23-3. The Ninth Circuit, however, has repeatedly rejected such facial challenges. *See, e.g.*, *Perez v. Safelite Grp. Inc.*, 553 Fed. App'x 667, 668-69 (9th Cir. 2014) (holding that the plaintiff's facial challenge to "Central District of California Local Rule 23.3 [was] without merit because the timing of class certification is committed to the discretion of the district judge and ***Rule 23-3 allows extension of the 90-day certification deadline by order of the court***") (emphasis added); *Archila v. KFC U.S. Properties, Inc.*, 420 Fed. App'x 667, 668 (9th Cir. 2011) (rejecting the plaintiff's arguments that the 90-day deadline in Local Rule 23.3 violated his due process rights and conflicted with the Federal Rules of Civil Procedure); *Johnson v. Schwarzenegger*, 476 F. App'x 349, 350 (9th Cir. 2012).

Contrary to Plaintiff's assertion, Local Rule 23-3 is not a pure "bright-line" rule. *See Opposition* at 2. The Rule's language "unless otherwise ordered by the court" provides flexibility and harmonizes it with Federal Rule of Civil Procedure 23. Plaintiff made a deliberate choice to ignore that language and to not seek relief from the deadline before it expired. Accordingly, this is not a case where Local Rule 23-3 would be applied in an overly harsh manner to a reasonably diligent plaintiff who timely sought an extension of the deadline. This is precisely the type of case in which the Ninth Circuit has repeatedly upheld application of Local Rule 23-3 to strike the class allegations in a complaint.

**II. This Court did not relieve Plaintiff of his obligation to comply with local rules.**

Plaintiff attempts to characterize this Court's Order dated March 26, 2019 (Doc. 24) as somehow excusing him from his duty to comply with Local Rule 23-3. The Order, however, specifically provides that "[f]ailure of any counsel to comply with . . . the Central

District's Local Rules will result in sanctions." (Doc. No. 24). Plaintiff failed to heed this Court's directive to comply with applicable local rules, including Local Rule 23-3. Consequently, the Order supports striking Plaintiff's class-action allegations.

## III. Conclusion

Plaintiff did not seek leave to file an untimely class-certification motion, and he has not demonstrated excusable neglect for missing the deadline. Accordingly, Defendant Goldwater Bank, N.A. respectfully requests that this Court strike Plaintiff's class-action allegations with prejudice.

Dated: July 8, 2019　　　　　　　　　　**IVIE MCNEILL & WYATT**

　　　　　　　　　　　　　　　By:　**/s/ Jack F. Altura**
　　　　　　　　　　　　　　　　　　Marie Maurice, Esq.
　　　　　　　　　　　　　　　　　　Jack F. Altura, Esq.

　　　　　　　　　　　　　　　　　　-And-
　　　　　　　　　　　　　　　　　　Sean C. Wagner, Esq.
　　　　　　　　　　　　　　　　　　**WAGNER HICKS PLLC**
　　　　　　　　　　　　　　　　　　831 E. Morehead Street, Suite 650
　　　　　　　　　　　　　　　　　　Charlotte, North Carolina 28202
　　　　　　　　　　　　　　　　　　Telephone: (704) 705-7358
　　　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　***Attorneys for Defendant and Third-Party Plaintiff, GOLDWATER BANK, N.A.***