# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT,<br>    Plaintiff,<br><br>          v.<br><br>GOLDWATER BANK, N.A.,<br>    Defendant. | CV 19-164 DSF (JCx)<br><br>Order GRANTING Motion to Strike Class Allegations (Dkt. No. 38) |
| GOLDWATER BANK, N.A.,<br>    Third-Party Plaintiff,<br><br>          v.<br><br>BEST RATE HOLDINGS, LLC,<br>    Third-Party Defendant. | |

Defendant Goldwater Bank, N.A. moves to strike Plaintiff Terry Fabricant's class allegations for failure to comply with Central District Local Rule 23-3. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for July 22, 2019 is removed from the Court's calendar.

There is no dispute that the 90-day period specified by Local Rule 23-3 has expired, that there has been no extension of that

time by the Court, and that Plaintiff has not requested an extension of time. Plaintiff argues that this is immaterial because the Ninth Circuit has abrogated the "bright-line" rule of Local Rule 23-3. See ABS Entertainment v. CBS Corp., 908 F.3d 405, 427 (9th Cir. 2018).

While ABS Entertainment does prohibit blind enforcement of a 90-day requirement for filing a class certification motion, the Ninth Circuit did not hold that class action plaintiffs were free to ignore it with impunity. The Court finds that it does not excuse Plaintiff's complete failure to comply with the Rule or to seek relief from it. In ABS Entertainment, the District Court had, for no stated reason, rejected a stipulation between the parties for an extension of the 90-day period. Perhaps unsurprisingly, the Ninth Circuit found that enforcement of a 90-day period for filing of a class certification motion in all cases regardless of the case and the wishes of the parties is unreasonable. In this case, the 90-day period remains in the Local Rules of this District. Plaintiff was aware of it and referenced it in a motion on March 19 to compel a Rule 26(f) conference so that he could begin discovery needed for class certification. Plaintiff did not suggest that he believed that he had no deadline for addressing class certification. And, contrary to Plaintiff's argument, the Court's March 26 order did not excuse Plaintiff from addressing class certification within the time set by Local Rule 23-3.

The problem is not that Plaintiff failed to file a motion for class certification within 90 days. The problem is that Plaintiff failed to take any action regarding the deadline within 90 days. He failed to file either a stipulation or a motion to extend the time.[1] Instead, and contrary to his position in his March 19 motion, he

---

[1] This Court has never denied a timely stipulation or motion to extend the deadline that contained specific dates for briefing and a hearing.

simply ignored Rule 23-3.  This is not acceptable.  Rule 23-3 remains in the District's Local Rules and, while it is not to be blindly applied, it is also not to be blindly ignored.

The motion to strike class allegations is GRANTED.

IT IS SO ORDERED.

Date: July 17, 2019

Dale S. Fischer
United States District Judge