**SEAN C. WAGNER**
Sean.Wagner@wagnerhicks.law
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 650
Charlotte NC 28202
Tel: (704) 705-7538; Fax: (704) 705-7787
Attorneys for Defendant,
**GOLDWATER BANK, N.A.**


**MARIE MAURICE (S.B.N.: 258069)**
mmaurice@imwlaw.com
**JACK F. ALTURA (S.B.N.: 297314)**
jaltura@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, Suite 1800
Los Angeles, CA  90017-2919
Tel: (213) 489-0028; Fax (213) 489-0552

Local Counsel for Defendant,
**GOLDWATER BANK, N.A.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually, | Case No. 2:19-cv-00164-DSF-JC |
| *Plaintiff,* | |
| vs. | **DEFENDANT GOLDWATER BANK'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO SERVE RESPONSES PLAINTIFF'S DISCOVERY REQUESTS** |
| GOLDWATER BANK, N.A., | |
| *Defendant.* | |
| | **DISCOVERY MATTER** |
| | [Declaration of Jack F. Altura and Proposed Order Filed Concurrently] |

**TO THE COURT, THE PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** Defendant GOLDWATER BANK, N.A. ("Goldwater Bank") hereby applies *ex parte* for an order extending time to serve responses to Plaintiff's written discovery requests until August 12, 2019.

-1-

This Application is based on the Notice of Application; the accompanying Memorandum of Points and Authorities; the Declaration of Jack F. Altura and the attached exhibits; and all papers properly before this Court.

**Plaintiff Counsel's Contact Information**

| | |
|---|---|
| Anthony I. Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, Massachusetts 02043<br>Telephone: (508) 221-1510<br>Email: anthony@paronichlaw.com | Robert Stempler<br>Consumer Law Office Of Robert Stempler<br>8200 Wilshire Blvd, Suite 200<br>Beverly Hills, CA, 90211<br>Telephone: (323) 486-0102<br>E-mail:<br>socalconsumerlawyer@gmail.com |
| Andrew W. Heidarpour<br>Heidarpour Law Firm<br>E-mail: AHeidarpour@HLFirm.com | Jon B. Fougner<br>600 California Street, 11th Fl.<br>San Francisco, California 94108<br>Telephone: (415) 577-5829<br>Facsimile: (206) 338-0783<br>Email: jon@fougnerlaw.com |

**Statement of Non-Moving Party's Position**

As of the filing of this *ex parte*, Plaintiff has not yet informed Goldwater Bank whether he will oppose this *ex parte*.

Dated: July 19, 2019                                      **IVIE, McNEILL & WYATT**

                                          By:      */s/ Jack F. Altura*
                                                    **JACK F. ALTURA**
                                                    Attorney for Defendant
                                                    GOLDWATER BANK, N.A.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

This *ex parte* application seeks an extension until August 12, 2019 to serve responses to Plaintiff's nearly 100 requests for written discovery.  Goldwater Bank attempted to informally obtain a stipulation from Plaintiff, as is customary in this District, rather than involve the Court.  Plaintiff, however, has not responded to Goldwater Bank's request, despite emailing counsel about other matters.

Good cause exists to grant Goldwater Bank's *ex parte* application because the Court's Order dismissing Best Rate and striking the class allegations have dramatically altered the case's landscape, and Goldwater Bank requires additional time to reconsider and redraft its responses to Plaintiff's discovery requests.

Accordingly, Goldwater Bank respectfully request that the Court grant this *ex parte* application and extend the time for Goldwater Bank to serve responses to Plaintiff's discovery requests until August 12, 2019.

## II.   LEGAL STANDARD FOR *EX PARTE* RELIEF

The showing necessary to be accorded ex parte relief is as follows: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect*." Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III.   ARGUMENT

### A.   *Ex Parte* Relief is Appropriate in this Instance

*Ex parte* relief is appropriate.  First, Goldwater Bank will be irreparably prejudiced if the underlying motion is heard according to a regularly noticed motion schedule.  Unless Goldwater Bank applies *ex parte*, the motion to extend

time will be heard after the current deadline of July 22, 2019—defeating the purpose of this *ex parte* application.

Second, Goldwater Bank is not at fault in creating the situation that requires *ex parte* relief. Goldwater Bank attempted to avoid involving this Court in matter by requesting a stipulation from Plaintiff. Declaration of Jack F. Altura ("Altura Decl.") ¶ 3; **exhibit A**. While Plaintiff has emailed Goldwater Bank on other issues, Plaintiff has not expressly responded to Goldwater Bank's request for a stipulation. Altura Decl. ¶ 5; **exhibit A**. It is customary in this district for parties to grant extensions to respond to discovery—especially, as is the case here, when discovery has just opened. Plaintiff's refusal to even respond to Goldwater Bank's request for an extension has created the situation requiring *ex parte* relief.

**B.     Good Cause Exists to Extend the Time for Defendants to File a Response to Plaintiff's Complaint**

Good cause exists to extend time for Goldwater Bank to serve responses to Plaintiff's discovery requests. This Court's Orders dismissing Best Rate as a third-party defendant and striking Plaintiff's class allegations have significantly altered the landscape of the case. Goldwater Bank drafted its responses to Plaintiff's discovery requests in light of the case's posture at that time—Best Rate was still a defendant, and the class allegations remained. Given the Court's recent orders, Goldwater Bank must reconsider and redraft its responses.

Plaintiff's nearly 100 requests (including subparts) for written discovery span nearly 25 pages. Altura Decl. ¶ 9; **exhibit C**. Reconsidering and redrafting responses to these requests will take a significant amount of time.

Finally, discovery only recently opened when the parties met and conferred pursuant to Rule 26(f). Court has not even held its Scheduling Conference. This is the first extension Goldwater Bank has requested with respect to this discovery request. Goldwater Bank will serve discovery responses far in advance of the close of discovery. An extension, therefore, will not prejudice Plaintiff.

-2-

**IV.    CONCLUSION**

Based on the foregoing, Goldwater Bank respectfully request the Court grant this *ex parte* application and extend the time for Goldwater Bank to serve responses to Plaintiff's Request for Production of Documents (set one) and Interrogatories (set one) until August 12, 2019.

Dated: July 19, 2019                                       **IVIE, McNEILL & WYATT**


                                              By:    */s/ Jack F. Altura*
                                                     **JACK F. ALTURA**
                                                     Attorney for Defendant
                                                     GOLDWATER BANK, N.A.