UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY FABRICANT, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>GOLDWATER BANK, N.A. a/k/a "GOLDWATER BANK, N.A. INC." a/k/a "GOLDWATER BANK, N.A. INCORPORATED,"<br><br>        Defendant. | Case No. 2:19-cv-00164-DSF-JC<br><br>ORDER GRANTING STIPULATION TO STAY CASE AND VACATE ALL DEADLINES PENDING APPEAL |

    Pursuant to the parties' stipulation, and for good cause shown, including the declaration of Jon B. Fougner and the attachment thereto, the Court finds as follows.

    Plaintiff Terry Fabricant filed this case as a purported class action on January 8, 2019. Dkt. No. 1.

The Court entered an order striking the putative class claims on July 17, 2019. Dkt. No. 49.

Plaintiff petitioned the Ninth Circuit for permission to appeal that order on July 31, 2019. *See* Dkt. No. 55.

That petition remains pending and may remain pending for months. If it is granted, it will be filed by an appeal that will take months or years.

Plaintiff is not entitled to classwide discovery until and unless the Ninth Circuit issues an order reversing, vacating, or modifying the Court's order striking putative class claims.

Redundant work will be imposed on the parties, their counsel, and the Court if the parties pursue discovery on the individual claims now and then again on the class claims after such an order from the Ninth Circuit.

The Court stated at the July 29, 2019, initial case management conference that the parties could stipulate to stay the case while the Ninth Circuit decides the appeal.

The parties have begun working towards the Final Pretrial Conference insofar as they have begun meeting and conferring about discovery requests served by Plaintiff.

The parties have not previously requested that the case be stayed and that all dates be vacated.

The Court therefore GRANTS the parties' stipulation and STAYS the entire case during the pendency of Plaintiff's petition—and, if it is granted, during the pendency of the ensuing appeal. The Court VACATES all future dates, deadlines, and hearings, including the Final Pretrial Conference and trial, and orders the clerk to remove the same from the calendar.

1  The Court orders the parties to submit a joint status update, every 120 days
2  and no later than 2 weeks after each of the following events: (1) the Ninth Circuit's
3  ruling on the petition; (2) the Ninth Circuit's ruling on any permitted appeal.
4  IT IS SO ORDERED.
5  DATED: October 9, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE